U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 19 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MAYFORD K. DAVIS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-575-A |
| | § | |
| CAPITAL ONE BANK USA, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of defendant, Capital One Bank USA, for summary judgment as to all claims and causes of action brought against it by plaintiff, Mayford K. Davis, Jr.[1] Plaintiff filed a response and defendant filed a reply. Having now considered all of the parties' filings, the summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.[2]

---

[1] Defendant filed its first summary judgment motion on December 14, 2011. Prior to the court ruling on the motion, plaintiff filed a motion for leave to amend his complaint, which the court granted on February 14, 2012. The court also authorized defendant to file another summary judgment motion if it so desired. Plaintiff filed his amended complaint on February 14, 2012.

[2] Both parties have objected to the others' evidence in support of their respective positions. The court will give the disputed evidence whatever weight and consideration it deserves.

I.

## Plaintiff's Claims and the Summary Judgment Motion

Plaintiff initiated this action on August 18, 2011, by the filing of his original complaint. Plaintiff alleged that in April 2011 he obtained a copy of his consumer credit report from a credit reporting agency and discovered entries showing defendant "initiated a pull" of his credit report on December 8, 2010, without plaintiff's authorization. Pl.'s Orig. Compl. at 3. Plaintiff did not have, and had not applied for, any account with defendant. Plaintiff alleged violations by defendant of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b and 1681q.

In the amended complaint, plaintiff alleged that when viewing his consumer credit report in April 2011 he noted that defendant had obtained the report nine times between October 8, 2010, and February 10, 2011.[3] In the amended complaint plaintiff alleged eight counts of willful violations of § 1681b, one for each time defendant obtained his credit report,[4] and also alleged in one count that each of the nine violations occurred negligently. Plaintiff further alleged that defendant obtained information under false pretenses in violation of 15 U.S.C. §

---

[3] The dates of the alleged violations in the amended complaint are October 8, 2010; November 11, 2010; twice on December 8, 2010; December 9, 2010; December 21, 2010; January 8, 2011; January 13, 2011; and February 10, 2011.

[4] One count alleged that defendant obtained his credit report twice on the same date.

2

1681q because it had no permissible purpose for obtaining his credit report.

In the motion defendant argues that it is entitled to summary judgment on plaintiff's claims because: it obtained plaintiff's information for lawful pre-screening inquiries permitted under the FCRA, and section 1681q is a criminal liability statute that does not impose civil liability. Defendant further argued that plaintiff is not entitled to either statutory or actual damages.

II.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

III.

Analysis

A. No Violations of 15 U.S.C. § 1681b

One purpose of the FCRA is to protect a consumer's right to privacy in the information maintained by consumer credit-reporting agencies. 15 U.S.C. § 1681(a)(4). Consistent with that purpose, the FCRA limits the circumstances under which creditors may obtain a consumer's credit report to those enumerated in the statute. Id. at §§ 1681(b), 1681b(a). One

4

permissible purpose is to extend a "firm offer of credit" to the consumer. Id. at (c)(1)(B)(I); Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839-40 (5th Cir. 2004). A "firm offer of credit" under the FCRA is "any offer of credit . . . to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . . ." 15 U.S.C. § 1681a(l).

The offer of credit may be "further conditioned on one or more" of three additional categories: (1) the consumer meeting certain pre-established criteria bearing on credit worthiness that are used to determine whether to extend credit; (2) verification that the consumer continues to meet the criteria; or, (3) the consumer furnishing pre-determined and pre-disclosed collateral. Id.; Kennedy, 369 F.3d at 840.

Through the declaration of its employee Glenn Williams ("Williams"), defendant clarified that on each of the occasions when plaintiff claims defendant pulled his credit report, it only obtained limited information for the purpose of conducting a prescreening inquiry.[5] As defendant explained in response to a

---

[5] Although plaintiff alleged that defendant obtained his credit report, the FCRA limits the information that a consumer reporting agency may provide to a creditor in regards to a transaction not initiated by the consumer. 15 U.S.C. § 1681b(c)(2). The statute does not permit disclosure of the full credit report under such circumstances. Id. Any claim that the credit reporting agency wrongfully
(continued...)

letter from plaintiff, "[p]rescreening inquiries allow [defendant] to access <u>limited information</u>" that helps it identify potential customers. App. in Supp. of Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s App.") at 5 (emphasis added).

Williams further explained that offers of credit provided to consumers are indexed by unique solicitation numbers. Because of the high costs that would be incurred through printing, organizing, and storing paper copies of the actual offers sent to each consumer, defendant instead "maintains exemplar solicitation forms and assigns a unique Pass Code to each form of solicitation that it sends out." <u>Id.</u> at 1.

Defendant's computer system is programmed to automatically generate offers of credit to all potential customers for whom defendant receives credit information through such a pre-screening inquiry. Williams, through use of defendant's computer system, verified that on each of the occasions defendant conducted a prescreening inquiry, it did so for the sole purpose of extending to plaintiff a firm offer of credit, and that such an offer was in fact extended on each occasion. Williams verified that firm offers of credit were extended by matching Pass Codes associated with plaintiff's address to the

---

[5](...continued)
released plaintiff's credit report without his authorization would, of course, lie against the credit reporting agency, not against a potential creditor such as defendant.

corresponding Pass Codes associated with certain template offers of credit. While the actual documents addressed to plaintiff containing the firm offers of credit are not maintained by defendant as described <u>supra</u>, defendant provided exemplars of the offers of credit that would have been sent to him. The court is satisfied that defendant has established that the exemplars are representative of items sent to plaintiff.

Plaintiff attacks defendant's motion by first arguing that "[p]romotional type inquiries" such as those alleged in the amended complaint "are considered by the ruling of the Federal Trade Commission ["FTC"] Attorney William Haynes to be 'target marketing' and [are] not a 'permissible' use of consumer credit reports." Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Mem.") at 3 (citing Ex. B-1 through B-3). Plaintiff also cites to an exhibit which he contends stands for the proposition that "[t]he FTC charges that Teletrack violated the FCRA, which makes it illegal to sell credit reports without a specific 'permissible purpose' under the statute: marketing is not a permissible purpose." <u>Id.</u> (citing Ex. B-4).

None of the exhibits cited by plaintiff has been authenticated and they are not competent summary judgment evidence. Even if the court were to consider the contents of the documents, however, they fail to lend plaintiff any support. The

"ruling" is a purported copy of an opinion letter by FTC attorney Haynes, considering whether a program in which an entity seeks a list of credit card users in order to sell its credit card protection program is a permissible purpose under the FCRA. There is no allegation by plaintiff, nor is there evidence in the summary judgment record, that such was the purpose for which defendant obtained plaintiff's information. Further, Haynes's letter indicates that prescreening consumers for offers of credit is a permissible purpose.

Exhibit B-4 appears to be a press release or similar type of document wherein FTC officials announced a settlement with Teletrack, Inc., over charges that it sold credit reports to marketers. Again, this is inapposite to the facts before the court. Plaintiff has not alleged that defendant sold credit reports to marketers.

Plaintiff also attacks the exemplars provided by defendant as being "conditional" or "sham" offers of credit. It appears plaintiff is relying on Cole v. U.S. Capital, Inc., 389 F.3d 719 (7h Cir. 2004), to support his argument. Not only is Cole distinguishable on its facts, but it is also contradicted by the Fifth Circuit's opinion in Kennedy. Whereas the Seventh Circuit in Cole required consideration of "the entire offer and the effect of all the material conditions that comprise the credit

8

product in question", 389 F.3d at 724, including the amount of credit offered, the Fifth Circuit has imposed no such requirement.

The plaintiffs in Kennedy received "pre-qualified offers for credit card accounts" from the defendants. 369 F.3d at 837. The offers contained language similar to that found in the exemplars provided by defendant: that the offer of credit was not guaranteed if the consumer did not meet the creditor's criteria. Id.[6] Without describing the exact wording of the offers of credit at issue, the Fifth Circuit concluded that

> the [FCRA] permits a creditor to make a "conditional" firm offer of credit; that is, an offer that is conditioned on the consumer meeting the creditor's previously-established criteria for extending credit ... [A] firm offer of credit under the [FCRA] really means a firm offer if you meet certain criteria.

Id. at 341 (internal citation and quotation marks omitted). See also Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1097 (8th Cir. 2008) (a credit offer "meets the statutory definition so long as the creditor will not deny credit to the consumer if the consumer meets the creditor's pre-selection criteria.") (citing Kennedy, 369 F.3d at 841).

---

[6]Unlike the situation here, the plaintiffs in Kennedy responded to the offers of credit but were ultimately denied by the defendants. Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839-40 (5th Cir. 2004) 369 F.3d 833, 837 (5th Cir. 2004).

Having studied each of the exemplars provided by defendant, the court is satisfied that the only reasonable conclusion that can be reached is that each is a "firm offer of credit" as contemplated by the FCRA. Each exemplar offers credit to plaintiff only if he meets certain criteria used to select him for the offer and may be declined if he no longer meets its criteria for creditworthiness based on his credit application-- exactly the type of offer contemplated by the statute. 15 U.S.C. § 1681a(l); Kennedy, 369 F.3d at 340-41.

Plaintiff also relies on his affidavit in which he states, as to each of the dates on which he contends defendant obtained his credit report, that he "received no 'firm offer of credit.'" Pl.'s App. at A-1 -- A-2. The court notes that plaintiff does not deny receiving the items sent to him by defendant. Rather, it appears to the court that plaintiff is attempting to dispute defendant's characterization of its evidence or recharacterize it to a definition of his preference. The court is not considering plaintiff's affidavit as evidence that he did not receive letters of the type represented by defendant's exemplars.[7]

---

[7]The court notes that plaintiff's receipt may not even be an issue, inasmuch as the statute requires only that defendant make a firm offer of credit. Neither the FCRA nor other authority the court was able to locate places on defendant the burden to produce evidence of plaintiff's receipt of the firm offer of credit.

10

To sum up, the court concludes that defendant issued "firm offers of credit" to plaintiff on each of the eight occasions alleged by plaintiff and thus obtained plaintiff's information for a permissible purpose as contemplated by the FCRA.

B.  No Violation of 15 U.S.C. § 1681q

Having disposed of the first nine counts of the amended complaint, the court turns to the last count: defendant's alleged violation of § 1681q, which prohibits obtaining information on a consumer under false pretenses. Defendant argues that § 1681q is a criminal statute and does not impose civil liability. That defendant cited to district court opinions from other jurisdictions to support its argument[8] is puzzling in light of the Fifth Circuit's express recognition that "[s]ection 1681q provides a cause of action for obtaining credit information under false pretenses." Kennedy, 369 F.3d at 842.

The court need not dwell long on this issue, however. To prove a violation of section 1681q requires plaintiff to show that defendant obtained his information from a consumer reporting agency for an impermissible purpose. Id. The court has already resolved that issue in defendant's favor in section III.A.,

---

[8]Defendant cited to Godby v. Wells Fargo Bank, N.A., 599 F. Supp.2d 934, 937 (S. D. Ohio 2008), and Shephard-Salgado v. Tyndall Fed. Credit Union, No. 11-0427-WS-B, 2011 WL 5401993 at *3 n.4 (S.D. Ala. Nov. 7, 2011).

11

supra. Thus, summary judgment is warranted on the alleged violation of section 1681q as well.

. . . .

Because the court has concluded that summary judgment is warranted on all of plaintiff's claims, it need not reach defendant's argument as to whether or not plaintiff must show damages.

IV.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Mayford K. Davis, Jr., against Capital One Bank USA, be, and are hereby, dismissed with prejudice.

SIGNED March 19, 2012.

_____
JOHN McBRYDE
United States District Judge